CHRISTOPHER C. LARKIN (State Bar No. 119950)
(e-mail: clarkin@seyfarth.com)
ERIK B. VON ZEIPEL (State Bar No. 223956)
(e-mail: evonzeipel@seyfarth.com)
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
HELEN OF TROY and
OXO INTERNATIONAL LTD.

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN<br>　as Trustee of Sorensen Research and<br>　Development Trust<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>HELEN OF TROY and<br>OXO INTERNATIONAL LTD.<br><br>　　　　　Defendants. | Case No. 3:07-cv-02278-BTM-CAB<br><br>*Hearing Date:* February 22, 2008<br>*Hearing Time:* 11:00 a.m.<br>*Courtroom:* 15<br><br>**ORAL ARGUMENT NOT REQUIRED**<br><br>**NOTICE OF MOTION AND MOTION TO STAY LITIGATION PENDING OUTCOME OF THE U.S. PATENT AND TRADEMARK OFFICE REEXAMINATION OF THE PATENT-IN-SUIT**<br><br>THE HONORABLE BARRY TED MOSKOWITZ<br>UNITED STATES DISTRICT JUDGE<br>(Courtroom 15)<br><br>*[Memorandum of Points and Authorities;*<br>*and Declaration of Erik B. von Zeipel Filed*<br>*Concurrently Herewith]* |

Case No. 3:07-cv-02278-BTM-CAB

1  **TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:**

2  **PLEASE TAKE NOTICE THAT** on February 22, 2008, at 11:00 a.m., or as soon
3  thereafter as counsel may be heard in Courtroom 15 of the above-entitled Court, located at 880
4  Front Street, San Diego, California 92101, Defendants Helen of Troy and
5  OXO International Ltd. (collectively, "Defendants") will and hereby do move to stay this
6  litigation, including any obligation to answer or otherwise plead to Plaintiff's complaint, on the
7  grounds that the patentability of the claims of U.S. patent no. 4,935,184 (the "'184 Patent"),
8  which form the sole basis of Plaintiff's patent infringement allegations against Defendants in this
9  case, is currently being reexamined by the U.S. Patent and Trademark Office ("Patent Office").

10  A stay of this litigation is particularly warranted, considering that: (a) on October 31,
11  2007, the Patent Office determined that there are substantial new questions relating to the
12  patentability of the claims of the '184 Patent; (b) Sorensen filed his complaint on December 4,
13  2007, and the parties have not yet begun to incur substantial expenses relating to this litigation;
14  (c) the '184 Patent will expire next month in February 2008; (d) a discovery schedule in this case
15  has not yet been set, nor have the parties engaged in any fact or expert discovery or exchanged
16  any initial Rule 26 disclosures; (e) a pretrial schedule and a trial date have not been set; and (f)
17  Sorensen will not be prejudiced with a stay of litigation.

18  Indeed, a stay of these proceedings will prevent the unnecessary expenditure of resources
19  of both the Court and the parties, because the Patent Office's reexamination of the '184 Patent
20  will likely significantly simplify, if not totally eliminate, many of the issues that will proceed in
21  this case. For example, if the Patent Office finds that the claims of the '184 Patent are invalid,
22  Sorensen cannot amend the claims; instead, he can only cancel those invalid claims because the
23  '184 Patent will expire in February 2008. Cancellation of the claims will substantially limit, if
24  not totally eliminate, Sorensen's allegation of patent infringement against Defendants, which
25  may necessarily require the dismissal of Sorensen's entire complaint against Defendants.

26  Importantly, Sorensen will not be prejudiced if this case is stayed while the Patent Office
27  reexamines the patentability of the claims of the '184 Patent. For example, the '184 Patent will
28  automatically expire next month in February 2008, and Sorensen will be unable to obtain any

1

Case No. 3:07-cv-02278-BTM-CAB

injunctive relief against Defendants before that expiration. On the other hand, should the Patent Office confirm the patentability of the claims of the '184 Patent, and should Sorensen successfully prove that Defendants infringe the claims of the '184 Patent, and overcome all of Defendants' defenses, then Sorensen may be entitled to recover monetary damages.

In fact, in the substantially similar, co-pending lawsuit, Sorensen asserted that other, unrelated defendants infringe the claims of the '184 Patent. (See Case no. 06-cv-1572, Dkt. No. 1). In that case, this Court granted the defendants' motion to stay the proceedings because the claims of the '184 Patent are being reexamined by the Patent Office. (Case no. 06-cv-1572, Dkt. No. 243). Importantly, that case was filed over a year *before* the Patent Office decided to reexamine the claims of the '184 Patent, and the parties had already engaged in substantial fact and expert discovery. Therefore, that lawsuit was much further along the "litigation path," compared to the present lawsuit which was just filed on December 4, 2007.

Accordingly, as set forth in Defendants' accompanying Memorandum of Points and Authorities, Defendants respectfully request that the Court stay all proceedings in this lawsuit, including any obligation to answer or otherwise plead to Sorensen's complaint, pending completion of the US Patent Office's reexamination proceeding of the '184 Patent.

This Motion is based on this Notice of Motion and Motion, the concurrently filed Memorandum of Points and Authorities, the Declaration of Erik B. von Zeipel (including exhibits), the papers and records on file with this Court. Defendants waive oral argument on this motion.

Dated: January 7, 2008            Respectfully submitted,

**SEYFARTH SHAW LLP**
CHRISTOPHER C. LARKIN
ERIK B. VON ZEIPEL


s/Erik B. von Zeipel
Attorney for Defendants HELEN OF TROY and OXO INTERNATIONAL LTD.
E-mail: evonzeipel@seyfarth.com

2

Case No. 3:07-cv-02278-BTM-CAB