| | |
|---|---|
| 1 | CHRISTOPHER C. LARKIN (State Bar No.119950) |
| | (e-mail: clarkin@seyfarth.com) |
| 2 | ERIK B. VON ZEIPEL (State Bar No. 223956) |
| | (e-mail: evonzeipel@seyfarth.com) |
| 3 | **SEYFARTH SHAW LLP** |
| | 2029 Century Park East, Suite 3300 |
| 4 | Los Angeles, California 90067-3063 |
| | Telephone: (310) 277-7200 |
| 5 | Facsimile: (310) 201-5219 |

Attorneys for Defendants
HELEN OF TROY and
OXO INTERNATIONAL LTD.

## UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JENS ERIK SORENSEN
  as Trustee of Sorensen Research and
  Development Trust

        Plaintiff,

  vs.

HELEN OF TROY and
OXO INTERNATIONAL LTD.

        Defendants.

)
) Case No. 3:07-cv-02278-BTM-CAB
)
) *Hearing Date:* February 22, 2008
) *Hearing Time:* 11:00 a.m.
) *Courtroom:* 15
)
) **MEMORANDUM OF POINTS AND**
) **AUTHORITIES IN SUPPORT OF**
) **NOTICE OF MOTION AND MOTION**
) **TO STAY LITIGATION PENDING**
) **OUTCOME OF THE U.S. PATENT AND**
) **TRADEMARK OFFICE**
) **REEXAMINATION OF THE PATENT-**
) **IN-SUIT**
)
) THE HONORABLE BARRY TED MOSKOWITZ
)   UNITED STATES DISTRICT JUDGE
)         (Courtroom 15)
)
) *[Notice of Motion and Motion; and*
) *Declaration of Erik B. von Zeipel Filed*
) *Concurrently Herewith]*

Case No. 3:07-cv-02278-BTM-CAB

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Helen of Troy and OXO International Ltd. (collectively "Defendants"), respectfully move to stay this litigation, including any obligation to answer or otherwise plead to Plaintiff's complaint, pending the outcome of the U.S. Patent Office's reexamination of the claims of U.S. patent no. 4,935,184 (the "'184 Patent").

On August 7, 2006, Plaintiff, Jens Erik Sorensen, as Trustee of Sorensen Research and Development Trust ("Sorensen"), filed a patent infringement lawsuit against defendants The Black & Decker Corporation, et al. in this Court. The *Black & Decker* case was assigned to this Court with Case No. 06-cv-1572, a case related to the present lawsuit, including the fact that the same '184 Patent forms the basis of Sorensen's patent infringement allegations in both lawsuits. Particularly, in its complaint against Black & Decker, Sorensen alleges that certain products sold and offered for sale by the Black & Decker defendants infringe the claims of the '184 Patent, just as Sorensen alleges against Defendants in the present lawsuit. On July 31, 2007, Black & Decker asked the Patent Office to reexamine the claims of the '184 Patent because certain prior art references, never before considered by the Patent Office when it originally examined the patent application that became the '184 Patent, raise substantial new questions regarding the patentability of the claims of the '184 Patent, especially in light of the Supreme Court's 2007 *KSR* decision regarding the invalidity of patent claims because of obviousness.

On August 31, 2007, Black & Decker moved to stay all proceedings in its lawsuit until the Patent Office finished its reexamination process. When Black & Decker filed its motion to stay, Sorensen and Black & Decker had already engaged in substantial discovery, including depositions, and a *Markman* hearing to construe the claims of the '184 Patent was scheduled for November 2007, as the case had been pending for over a year at that point in time. On September 10, 2007, and before the Patent Office even decided that it would reexamine the '184 Patent, this Court granted Black & Decker's request and stayed the proceedings in the *Black & Decker* case. *See Sorensen v. The Black & Decker Corp., et al.*, case no. 06-CV-1572 BTM (S.D. Cal. Sept. 10, 2007) ( Dkt. No. 243) (attached as Exh. A to Declaration of Erik B. von

1

Case No. 3:07-cv-02278-BTM-CAB

Zeipel ("von Zeipel Decl."). Particularly, the Court noted the "'liberal policy' in favor of granting motions to stay pending the outcome of PTO reexamination proceedings" and that "the stay will result in the simplification of issues in this case." (*Id.*, pp. 5, 8). On October 11, 2007, the Patent Office agreed with Black & Decker, and found that the prior art references cited by Black & Decker present substantial new questions relating to the patentability of the claims of the '184 Patent. *See Order Granting/Denying Request for Reexamination*, October 11, 2007, p. 1 (attached as Exh. B to von Zeipel Decl.). As such, the Patent Office granted Black & Decker's request and decided to reexamine claims 1, 2, 4 and 6 to 10 of the '184 Patent. (*Id.*, p. 2).

Yet, over a month after the Patent Office decided to reexamine the claims of the '184 Patent, on December 4, 2007, Sorensen filed his Complaint against Defendants initiating the present lawsuit. (Case no. 07-cv-02278, Dkt. No. 1). In his Complaint against Defendants, Sorensen alleges that Defendants infringe claim 1 of the '184 Patent (the only independent claim of the '184 Patent, and one of the claims that is being reexamined by the Patent Office) through OXO's sale, offer for sale, and importation of certain OXO GOOD GRIPS™ funnel products. (Dkt. No. 1, ¶ 10). Because this case has just been initiated, the parties have not exchanged any Rule 26(a) disclosures, discovery has not yet even begun, and no schedules have been established or discussed, including a discovery schedule, a pretrial schedule, or a trial schedule. In other words, this case is in its very preliminary stages, and, in fact, is nowhere near the stage of *The Black & Decker* case was vat the time this Court stayed that lawsuit because of the Patent Office's reexamination of the '184 Patent. Therefore, staying this lawsuit is particularly warranted, especially considering the current state of this case.

Moreover, as set forth in greater detail below, a stay will necessarily conserve the Court's and the parties' resources, and will provide the benefit of allowing the Patent Office to substantially simplify, if not totally eliminate, the issues in this case. Also, because the '184 Patent will automatically expire next month in February 2008, Sorensen would not be prejudiced by staying this lawsuit pending the outcome of the Patent Office's reexamination of the '184 Patent, because he would be unable to obtain any injunctive relief, but he would still be afforded adequate remedy at law in the form of monetary damages.

As such, and as discussed below, Defendants' motion to stay should be granted.

## II. THE LEGAL STANDARD FAVORS STAYING THIS LITIGATION PENDING THE PATENT OFFICE'S REEXAMINATION OF THE '184 PATENT.

"Courts have inherent power to stay an action pending conclusion of PTO reexamination proceedings." *Sorensen*, No. C 06-1572 BTM, p. 5 (*citing Ethicon v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir 1988)) (attached as Exh. A to von Zeipel Decl.). Staying a lawsuit pending the outcome of the Patent Office's reexamination of the '184 Patent is soundly within the Court's discretion. *Id.*, (internal cites omitted). In fact, "there is a 'liberal policy' in favor of granting motions to stay pending the outcome of PTO reexamination proceedings." *Id.* (*citing ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994)); *see also Photoflex Prods. v. Circa 3 LLC*, No. C 04-03715 JSW, 2006 U.S. Dist. LEXIS 37743, at *3 (N.D. Cal. May 24, 2006) (attached as Exh. C to von Zeipel Decl.).

As set forth by this Court when it stayed the *Sorensen v. The Black & Decker Corp.* lawsuit, three factors generally dictate when to stay litigation pending reexamination:

> In determining whether to stay litigation pending reexamination by the PTO, courts generally consider the following factors: (1) the stage of litigation, i.e., whether discovery is almost complete and whether a trial date has been set; (2) whether a stay would cause undue prejudice or present a clear disadvantage to the non-moving party; and (3) whether a stay will simply the issues in question and trial of the case.

*Id.* (*citing Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)); *see also Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *3.

As set forth in greater detail below, each of these three factors heavily favors granting Defendants' motion to stay this lawsuit until after the Patent Office finishes its reexamination of the '184 Patent. *Cf. Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *3-8.

### A. FACTOR ONE FAVORS STAYING THIS LAWSUIT BECAUSE DISCOVERY HAS NOT YET BEGUN.

Sorensen filed his complaint against Defendants on December 4, 2007. As such, this lawsuit is in its very preliminary stages of litigation, which heavily favors staying this case. *(See Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *4 ("[T]he fact that this case is still in the

3

early stages and the parties have not yet conducted 'significant discovery' or invested 'substantial expense' into the litigation weighs in favor of granting a stay")). For example: (a) the parties have not yet invested any expenses into this litigation; (b) Defendants have not yet even answered or filed any other pleading in response to Sorensen's Complaint; (c) the parties have not yet exchanged any Rule 26(a) disclosures, let alone conducted any discovery; (d) a discovery schedule has not even been established, let alone have the parties even discussed a proposed schedule; and (e) a trial date has not even been contemplated, let alone set.

Accordingly, factor one weighs heavily in favor of granting Defendants' motion to stay this lawsuit. (*See Sorensen* No. C 06-1572 BTM, *5-6 (Dkt. No. 243); *Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *4).

### B. FACTOR TWO FAVORS STAYING THIS LAWSUIT BECAUSE SORENSEN WILL SUFFER NO PREJUDICE.

Sorensen will suffer no prejudice if this lawsuit is stayed pending the outcome of the Patent Office's reexamination of the claims of the '184 Patent. As set forth above, the parties have not participated in any discovery, so Sorensen has not yet expended any expense or time in this litigation. (*See Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *5 ("Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation.")). Moreover, while "Courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination," such dilatory motives or tactics are clearly not at issue here. (*Id.*). In fact, Defendants were not even the parties that asked the Patent Office to reexamine the claims of the '184 Patent – Black & Decker did because of the patent infringement lawsuit that Sorensen brought against it in this Court. Simply put, "this is not a case where reexamination is sought on the eve of trial or after protracted discovery." (*Id.*).

Importantly, Sorensen's claim against Defendants in this lawsuit is solely for monetary damages. Particularly, because the '184 Patent will expire next month in February 2008, and because it is impossible to obtain any preliminary injunctive relief before the expiration of the '184 Patent, let alone hold any evidentiary hearing on the merits of Sorensen's patent

4

infringement claim, Sorensen will not be entitled to any injunctive relief against Defendants.[1] Also, once the '184 Patent automatically expires next month in February 2008, Sorensen cannot enjoin Defendants from practicing the claimed invention as there is no longer an enforceable patent. Yet, assuming that: (a) the claims of the '184 Patent survive the reexamination (which, as set forth below, is unlikely); (b) Sorensen can prove that Defendants infringe the claims of the '184 Patent; and (c) Sorensen can overcome each of the Defendants' defenses, Sorensen may still be eligible to collect monetary damages if the case is stayed. (*See Sorensen,*, No. C 06-1572 BTM, (Dkt. No. 243), *7 (Granting motion to stay pending completion of reexamination, because "[j]ust as in Broadcast, the answer here is clearly [Sorensen] does have an adequate remedy" even if the case is stayed)). Therefore, Sorensen would suffer no prejudice if this case is stayed.

In fact, the parties - including Sorensen - would only benefit from a stay of this lawsuit until after the conclusion of the Patent Office's reexamination of the '184 Patent. Particularly, as set forth in greater detail below, staying this lawsuit until after the reexamination proceeding is complete would likely eliminate the need for the parties, and the Court, to expend substantial resources relating to motion practice and discovery because the Patent Office will determine if the claims of the '184 Patent are even patentable. Indeed, after the reexamination proceeding, Sorensen may be forced to dismiss his complaint against Defendants altogether.

Lastly, any purported prejudice caused by staying this proceeding because of the inherent delay while the Patent Office reexamines the claims of the '184 Patent, which typically takes about 17 to 22 months, is inconsequential and does not warrant denying Defendants' motion to stay. (*See Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *5 ("The delay inherent to the reexamination process does not constitute, by itself, undue prejudice.")).

---

[1] Indeed, the fact that the Patent Office is reexamining the patentability of the claims of the '184 Patent would necessarily defeat any attempt by Sorensen to obtain preliminary injunctive relief, because he would be unable to prove that he would have any likelihood of success on the merits, as the validity of the claims of the '184 Patent are clearly in doubt. (*Jeneric/Pentron, Inc. v. Dillon Company, Inc.*, 205 F.3d 1377, 1380 (Fed. Cir. 2000) ("A preliminary injunction requires the movant to show four factors: (1) a reasonable likelihood of success on the merits, (2) the prospect of irreparable harm, (3) a balance of the parties' hardships in favor of injunction, and (4) no potential injury to an important public interest.")).

5

Accordingly, factor two weighs heavily in favor of granting Defendants' motion to stay this lawsuit. (*See Sorensen* No. C 06-1572 BTM, pp. 6-7 (Dkt. No. 243) (Exh. A); *Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *5-6).

### C. FACTOR THREE FAVORS STAYING THIS LAWSUIT BECAUSE THE REEXAMINATION WILL SUBSTANTIALLY SIMPLIFY, IF NOT ELIMINATE, THE ISSUES FOR TRIAL.

"One purpose of the reexamination procedure is to eliminate trial (when the claim is cancelled) or facilitate trial of that issue by providing the district court with the expert view of the PTO when a claim survives the reexamination proceedings." (*Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Significantly, if the Patent Office determines that the claims of the '184 Patent are invalid during the reexamination proceeding, Sorensen cannot amend the claims to overcome that invalidity because the '184 Patent will expire in February 2008 – he can only cancel those invalid claims. (*See Sorensen* No. C 06-1572 BTM, *9 (Dkt. No. 243)). Therefore, a stay of this lawsuit will significantly simplify the issues for trial, and, more likely, totally eliminate the need for this case to proceed at all.

Specifically, the Patent Office's rules do not allow any amendments to the claims during a reexamination after a patent has expired:

> *No enlargement of claim scope.* No amendment may enlarge the scope of the claims of the patent or introduce new matter. No amendment may be proposed for entry in an expired patent. Moreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a [reexamination] certificate issued after the expiration of the patent.

(37 C.F.R. § 1.530(j) (emphasis added)).

Moreover, even though the reexamination proceeding of the '184 Patent is conducted with "special dispatch," it is not plausible for the Patent Office to issue any reexamination certificate before the '184 Patent expires next month in February 2008, as the typical reexamination proceeding lasts 17 to 22 months. (*See* Exh. D to von Zeipel Decl.). Importantly, based on the Patent Office's record of finding claims invalid during reexamination proceedings, there is about a 70% chance that no claims of the '184 Patent will survive the reexamination


proceeding because it will expire in February 2008.[2] Simply put - the '184 Patent will "live or die" during this reexamination proceeding. Therefore, the Patent Office's reexamination of the '184 Patent will likely negate the need for this lawsuit to continue at all. (*See In re Cygnus Telecommunications Tech., LLC Patent Litigation*, 385 F. Supp. 3d 1022, 1023 (N.D. Cal. 2005) ("[A] stay is particularly justified where the outcome of the reexamination would likely assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issues.")).

Importantly, any delay caused by a stay of this litigation "is more than off-set by increased certainty of whether this single patent [the '184 Patent] will survive reexamination and whether there will be any need for litigation." (*Nanometrics*, 2007 U.S. Dist. LEXIS 18785 at *10). On the other hand, if this case is not stayed during the reexamination proceeding, there is a significant risk of expending substantial resources through discovery and motion practice regarding claims of the '184 Patent that may ultimately be cancelled by the Patent Office. (*Cf. Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *6 ("The Court finds that such a stay will simplify the issues and streamline the trial, thereby reducing the burden on, and preserving the resources of both the parties and the Court.")). For example, the parties may conduct substantial discovery regarding the construction of the claims of the '184 Patent, but the claim terms that ultimately require construction, and how those terms are to be construed, would likely necessarily change during the course of the Patent Office's reexamination proceeding; or, the parties may conduct substantial discovery regarding products that are clearly no longer covered by the claims of the '184 Patent because of the reexamination proceeding.

Lastly, as recognized by this Court when it stayed the *Sorensen v. Black & Decker* lawsuit, staying this lawsuit pending the outcome of the reexamination proceeding has many advantages, including:

---

[2] Per the Patent Office's report titled '*Ex Parte Reexamination Filing Data - June 30, 2006*", approximately 70% of issued reexamination certificates resulted in claim changes. However, because the '184 Patent will automatically expire in February 2008, as discussed above, Sorensen will not be able to make those changes, but will instead be required to cancel those claims. (*See* Exh. D to von Zeipel Decl.).

7

1. Prior art presented to the Court may have been first considered by the PTO, with its particular expertise;

2. Many discovery problems relating to prior art can be alleviated by the PTO examination;

3. In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed;

4. The outcome of the reexamination may encourage a settlement without the further use of the Court;

5. The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation;

6. Issues, defenses and evidence will be more easily limited in final pretrial conference after a reexamination;

7. The cost will likely be reduced both for the parties and the Court.

(*See Sorensen* No. C 06-1572 BTM, * 8 (Dkt. No. 243)).

Accordingly, factor three also weighs heavily in favor of granting Defendants' motion to stay this lawsuit. (*See Sorensen* No. C 06-1572 BTM, *8 (Dkt. No. 243) (attached as Exh. A to von Zeipel Decl.)).

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay the proceedings in this lawsuit, including Defendants' obligations to answer or other plead to Plaintiff's complaint, until after the US Patent Office completes its reexamination of the '184 Patent.

Dated: January 7, 2008                Respectfully submitted,

**SEYFARTH SHAW LLP**
CHRISTOPHER C. LARKIN
ERIK B. VON ZEIPEL

s/Erik B. von Zeipel
Attorney for Defendants HELEN OF TROY and OXO INTERNATIONAL LTD.
E-mail: evonzeipel@seyfarth.com