CHRISTOPHER C. LARKIN (State Bar No. 119950)
  (e-mail: *clarkin@seyfarth.com*)
ERIK B. VON ZEIPEL (State Bar No. 223956)
  (e-mail: *evonzeipel@seyfarth.com*)
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3300
Los Angeles, California 90067-3063
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
HELEN OF TROY and
OXO INTERNATIONAL LTD.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN<br>as Trustee of Sorensen Research and<br>Development Trust<br><br>Plaintiff,<br><br>vs.<br><br>HELEN OF TROY and<br>OXO INTERNATIONAL LTD.<br><br>Defendants. | Case No. 3:07-cv-02278-BTM CAB<br><br>*Hearing Date:* February 22, 2008<br>*Hearing Time:* 11:00 a.m.<br>*Courtroom:* 15<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY LITIGATION PENDING OUTCOME OF THE U.S. PATENT AND TRADEMARK OFFICE REEXAMINATION OF THE PATENT-IN-SUIT**<br><br>THE HONORABLE BARRY TED MOSKOWITZ<br>UNITED STATES DISTRICT JUDGE<br>(Courtroom 15) |

As discussed further below, Sorensen's *Opposition to Defendant's Motion to Stay Pending Outcome of Reexamination Proceedings* only further supports the appropriateness of granting Defendants' motion and completely staying this lawsuit until the Patent Office completes its reexamination of the '184 Patent.[1] Defendants[2] will inevitably be substantially

---

[1] Defendants received notice that Sorensen filed a Request For Entry of Clerk Default today, attempting to take Defendants' default. Given the pending Motion to Stay, Sorensen's actions are improper. If for any reason the Motion to Stay is denied and the Request For Entry of Clerk Default is granted, Defendants will be forced to move to have any entry of default set aside.

LA1 6679674.1 / 37787-937500

**Case No. 3:07-cv-02278-BTM-CAB**

more harmed if this case is not stayed, compared to the speculative prejudice suffered by Sorensen should this case be stayed. Sorensen's proposed "limited discovery and motion practice" is actually limitless in scope and is, in fact, pointless until the Patent Office determines if the '184 Patent even has any valid claims to proceed with. The whole point of staying this lawsuit is to avoid the unnecessary expenditure of resources relating to such discovery and motion practice – all of which may prove futile. As discussed in Defendants' motion, there is a high probability that Sorensen will be forced to dismiss his patent infringement lawsuit against Defendants, as the '184 Patent will "live or die" with the pending reexamination.

Sorensen does not dispute that at least two of the three factors to be considered by the Court in deciding whether to grant a stay weigh heavily in Defendants' favor. Particularly, (a) factor one favors staying this lawsuit because discovery has not yet begun, and (b) factor three favors staying this lawsuit because the reexamination will substantially simplify, if not eliminate, the issues for trial. Sorensen instead focuses solely on the second factor by arguing he will somehow be prejudiced by the inherent time delay caused by the reexamination proceeding. This argument, however, is misplaced and is based on unsubstantiated speculation. It was Sorensen's idea to sue Defendants based on a patent that the Patent Office already determined must be reexamined because new prior art presents substantial new questions relating to the patentability of the claims of the '184 Patent – even though Sorensen knew of Defendants' alleged infringement for over two years prior to filing his lawsuit. Sorensen cannot now complain of any purported prejudice, as his own actions belie such prejudice.

Importantly, the very speculative arguments that Sorensen raised in his opposition to Defendants' motion have already deemed insufficient in another of Sorensen's lawsuits, when the court there granted a complete stay. *See e.g. Sorensen v. Digital Networks North America*

---

[2] Apparently, Sorensen is "confused" with regard to the Helen of Troy entity that has moved to stay this lawsuit (see Opposition, p. 2). To refute any confusion, the Helen of Troy entity that moved to stay this lawsuit is the Helen of Troy entity named in Sorensen's complaint. To the extent that Sorensen has named the incorrect corporate identity in his complaint, that can be dealt with appropriate motion practice after the stay in this lawsuit has been lifted, assuming that Sorensen is not forced to dismiss this lawsuit on the basis of the Patent Office's reexamination.

2

**Case No. 3:07-cv-02278-BTM-CAB**

LA1 6679674.1 / 37787-937500

1  *Inc.,* 2008 WL 152179, *1 (N.D.Cal., Jan. 16, 2008) (attached as Exh. A). Indeed, the facts of *Sorensen v. Digital Networks North America Inc.* are substantially identical to the facts of the present lawsuit – the case was filed after the Patent Office decided to reexamine the patent, the defendants had not yet filed any responsive pleading to Sorensen's complaint, and no discovery had yet commenced. The court in that case correctly granted a complete stay, particularly noting that the early stage of the lawsuit favors a stay and Sorensen would suffer no prejudice, despite his speculation. *Id.*

Accordingly, the Court should grant Defendants' motion and completely stay this lawsuit until after the Patent Office completes its reexamination proceeding of the '184 Patent.

### I. SORENSEN'S WILL NOT BE PREJUDICED IF A STAY IS GRANTED.

Sorensen's argument that he will be prejudiced and subjected to a clear tactical disadvantage if this case is stayed is based on unsubstantiated speculation and simply fails to raise any doubt that staying this case is proper. (Opposition, p. 4). Sorensen failed to cite to any case law that supports any of his arguments. On the other hand, Defendants cited substantial case law that a complete stay of this lawsuit is warranted, especially considering that no discovery has commenced and the parties have not yet invested substantial expense and time in this litigation. *See Photoflex Prods. v. Circa 3 LLC,* No. C 04-03715 JSW, 2006 U.S. Dist. LEXIS 37743, at *4 (N.D. Cal. May 24, 2006) (attached as Exh. C to Defendants' motion) ("[T]he fact that this case is still in the early stages and the parties have not yet conducted 'significant discovery' or invested 'substantial expense' into the litigation weighs in favor of granting a stay"); *see also Sorensen,* 2008 WL 152179, *1 (attached as Exh. A).

Sorensen also improperly speculates that "limited discovery" may reveal additional defendants, and he will somehow be prejudiced should he not be able to identify those unknown defendants at this time. (Opposition, p. 5). There is no case law to support this argument. Yet, even assuming, *arguendo,* that Defendants possess some type of information regarding other potential defendants, the question of whether or not such parties could be added as defendants to

3

this lawsuit is really unknown, as the scope and validity of the claims of the '184 Patent is in flux until after the Patent Office finishes the reexamination proceedings.

Sorensen further speculates that evidence may be destroyed if this case is stayed. (Opposition, p. 6). Again, there is no case law to support denying a stay based on this conjecture. To the contrary, Defendants already have an obligation to preserve evidence relating to this lawsuit, which would necessarily encompass their defenses and Sorensen's claims, and Defendants will comply with those obligations. Moreover, Sorensen cannot now claim that he will somehow be prejudiced when he waited until December 2007 to initiate this lawsuit, even though he first accused Defendants of infringing the claims of the '184 Patent over two years prior in October 2005. In fact, a year and a half had passed from Defendants' and Sorensen's last communications of June 2006 before he initiated this lawsuit in December 2007. Defendants had only assumed that this matter had been resolved. If Sorensen was truly concerned with any risk of destruction of evidence, he would have initiated this lawsuit when he first notified Defendants of their purported infringement in October 2005 – not waited until after two years later. Other courts have found that similar delays by the patent holder weigh against denying a stay. *See e.g. Ingro v. Tyco Indus., Inc.*, 227 U.S.P.Q. 69 (N.D. Ill. 1985).

To support his claim of prejudice if a stay is granted, Sorensen incorrectly relies on *Telemac v. Teledigital, Inc.*, 450 F.Supp.2d 1107 (N.D. Cal. 2006). (Opposition, p. 7). The facts of *Telemac* are entirely different than the facts of the present lawsuit, as evidenced by the very paragraph quoted by Sorensen. (Opposition, p. 7). Specifically, in *Telemac*, the court noted that defendant had already failed to preserve relevant evidence. Here, Sorensen fails to provide any proof that Defendants lost any evidence or are likely to lose evidence, other than mere speculation.

Sorensen also argues that he will be prejudiced with a stay because the reexamination proceeding may last five years, and up to eight years if an appeal is required. (Opposition, p. 3). Sorensen's "facts," however, are again unsupported, and he cites to a single San Diego IP newsletter article without providing a copy of the article for the Court or Defendants to review.

4

LA1 6679674.1 / 37787-937500

1  (Opposition, p. 3). Yet, without being able to view this article, it is quite possible that it was
2  exclusively referring to reexamination proceedings in a field of technology wholly unrelated to
3  the subject matter of the '184 Patent, or was otherwise not based on Patent Office statistics.
4  Defendants, on the other hand, provided the Court with a copy of reexamination statistics
5  published by the Patent Office, which shows that the typical reexamination proceeding lasts 17
6  to 22 months (see Exh. D of Defendants' motion). Nonetheless, "[t]he delay inherent to the
7  reexamination process does not constitute, by itself, undue prejudice" regardless of the amount
8  of time that it takes. *Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *5 (attached as Exh. C
9  to Defendants' motion). Most important, however, is that if Sorensen is required to appeal the
10 Patent Office's reexamination proceeding, which Sorensen speculates will take about 3 years
11 (again without any support), it would only be because the Patent Office required Sorensen to
12 cancel the claims of the '184 Patent because they were, as Defendants' believe, invalid over the
13 prior art – further supporting Defendants' position that the parties should not expend resources
14 on discovery and motion practice now which eventually proves meaningless once the Patent
15 Office reexamination proceeding is completed.
16       Accordingly, Sorensen failed to prove that he will suffer any real prejudice that would
17 justify not granting a complete stay of this lawsuit.
18
19 **II.   THE DIFFERENT CIRCUMSTANCES SURROUNDING THE STAY IN *BLACK***
20 ***& DECKER* COMPARED TO THE CIRCUMSTANCES OF THIS LAWSUIT**
21 **SUPPORT GRANTING A STAY OF THIS LAWSUIT.**
22       Sorensen argues that Defendants cannot rely on the stay granted in *Black & Decker*
23 because the facts of that case are different; specifically "[t]he Court and parties were well aware
24 of the issues for trial, and many of those issues had been briefed at length. Substantial discovery
25 had been done." (Opposition, p. 4). Yet, the facts that (a) the issues are not well established in
26 this lawsuit, and (b) substantial discovery has not yet been done, only further bolster Defendants'
27 position that this lawsuit should be stayed. For example, a stay of these proceedings will prevent
28

5

Case No. 3:07-cv-02278-BTM-CAB

the unnecessary expenditure of resources of both the Court and the parties, because the Patent Office's reexamination of the '184 Patent will likely significantly simplify, if not totally eliminate, many of the issues that will proceed in this case. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) ("One purpose of the reexamination procedure is to eliminate trial (when the claim is cancelled) or facilitate trial of that issue by providing the district court with the expert view of the PTO when a claim survives the reexamination proceedings."); *In re Cygnus Telecommunications Tech., LLC Patent Litigation*, 385 F. Supp. 3d 1022, 1023 (N.D. Cal. 2005) ("[A] stay is particularly justified where the outcome of the reexamination would likely assist the court in determining patent validity and, if the claims were cancelled in the reexamination, would eliminate the need to try the infringement issues.").

Moreover, the fact that the parties have not yet expended any time or resources on any discovery wholly favors a stay. *See Photoflex Prods.*, 2006 U.S. Dist. LEXIS 37743, at *5 ("Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation.").

### III. CONCLUSION

Sorensen's opposition fails to provide any question that a complete stay is appropriate. Therefore, as set forth in Defendants' motion and accompanying memorandum of law, Defendants' motion to stay should be granted.

Dated: February 14, 2008    Respectfully submitted,

**SEYFARTH SHAW LLP**
CHRISTOPHER C. LARKIN
ERIK B. VON ZEIPEL

s/Erik B. von Zeipel
Attorney for Defendants HELEN OF TROY and OXO INTERNATIONAL LTD.
E-mail: evonzeipel@seyfarth.com

6

Case No. 3:07-cv-02278-BTM-CAB

LA1 6679674.1 / 37787-937500

# Exhibit A

Westlaw.

Slip Copy
Slip Copy, 2008 WL 152179 (N.D.Cal.)
(Cite as: Slip Copy)

Page 1

Sorensen v. Digital Networks North America Inc.
N.D.Cal.,2008.
Only the Westlaw citation is currently available.
United States District Court,N.D. California.
Jens Erik SORENSEN, Plaintiff,
v.
DIGITAL NETWORKS NORTH AMERICA INC.; Legacy Support Services, Ltd. d/b/a S2G; and Does 1 through 100, Defendants.
No. C 07-05568 JSW.

Jan. 16, 2008.

James Michael Kaler, Kaler Law Offices, Melody Ann Kramer, Kramer Law Office, Inc., San Diego, CA, for Plaintiff.
Theodore K. Bell, Daniel John Richert, Pillsbury Winthrop Shaw Pittman LLP, Palo Alto, CA, Bradley J. Hulbert, Kurt William Rohde, McDonnell Boehnen Hulbert & Berghoff, Richard A. Machonkin, Attorney at Law, Chicago, IL, for Defendants.

**ORDER GRANTING DEFENDANT'S MOTION TO STAY LITIGATION PENDING REEXAMINATION OF PATENT-IN-SUIT**

JEFFREY S. WHITE, District Judge.

*1 Now before the Court is Defendant Digital Networks North America Inc.'s ("DNNA") motion to stay litigation during the pendency of **reexamination** of United States Patent 4,935,184 (the "'184 Patent"). The Court finds that this matter is appropriate for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for January 18, 2008 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court HEREBY GRANTS DNNA's motion to stay litigation.

**BACKGROUND**

In this action, plaintiff Jens Erik Sorensen ("Sorensen") brings a claim for patent infringement of the '184 Patent. Sorensen filed this action on November 1, 2007 and served DNNA on November 12, 2007. On October 11, 2007, before this lawsuit was filed, the Patent and Trademark Office ("PTO") granted a request to reexamine the '184 Patent. (Declaration of Kurt W. Rhode ("Rhode Decl."), Ex. C.) The PTO notified Sorensen that newly submitted prior art resulted in thirteen "substantial questions of patenability" regarding the '184 Patent. (*Id.*) Maria DNNA now moves the Court to stay litigation in the above-captioned matter pending the PTO's **reexamination** of the '184 Patent. The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

**ANALYSIS**

**A. Legal Standards Applicable to a Motion to Stay Proceedings Pending Reexamination.**

The patent **reexamination** statute provides in pertinent part that "[a]ny person at any time may file a request for **reexamination** by the [PTO] of any claim of a patent on the basis of any prior art cited under the provisions of section 301." 35 U.S.C. § 302. The PTO must "determine whether a substantial new question of patentability affecting any claim of the patent concerned is raised by the request ...." 35 U.S.C. § 303(a). The **reexamination** statute further provides that "[a]ll **reexamination** proceedings ... including any appeal to the Board of Patent Appeals and Interferences, will be conducted with special dispatch." 35 U.S.C. § 305.

The determination of whether to grant a stay pending the outcome of the PTO's **reexamination** is soundly within the Court's discretion. *See Tap Pharm. Prods. Inc. v. Atrix Labs, Inc.,* 70 U.S.P.Q.2d 1319, 1320 (N.D.Ill.2004) (citing *Gould v. Control Laser Corp.,* 705 F.2d 1340, 1341 (Fed.Cir.1983)). When ruling on such a stay, courts consider several factors: (1) the stage of the litigation, including whether **discovery** is or will be almost completed and whether the matter has been

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 152179 (N.D.Cal.)
**(Cite as: Slip Copy)**

Page 2

marked for trial; (2) whether a **stay** will unduly prejudice or tactically disadvantage the nonmoving party; and (3) whether a **stay** will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court. *Id.; Methode Elecs., Inc. v. Infineon Techs. Corp.*, No. 99-21142, 2000 U.S. Dist. LEXIS 20689, at *5-6 (N.D.Cal. Aug. 7, 2000). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO **reexamination** or reissuance proceedings."*ASCII Corp. v. STD Entertainment*, 844 F.Supp. 1378, 1381 (N.D.Cal.1994).

**B. Early Stage of the Litigation Favors a Stay.**

*2 Here, the early stage of this litigation weighs in favor of granting a stay pending **reexamination**. See *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D.Cal.1995) (holding that the absence of "significant **discovery**" or "substantial expense and time ... invested" in the litigation weighed in favor of staying the litigation); *see also ASCII Corp.*, 844 F.Supp. at 1381 (granting **stay** where parties had undertaken little or no **discovery** and the case had not yet been set for trial). Here, discovery has not even begun and DNNA has not yet responded to the complaint. The Court has not yet set any deadlines in this action regarding discovery, motions, or trial. Therefore, the fact that this case is still in the early stages and the parties have not yet conducted "significant **discovery**" or invested "substantial expense" into the litigation weighs in favor of granting a **stay**. See *Target Therapeutics*, 33 U.S.P.Q.2d at 2023.

**C. A Stay Will Not Unduly Prejudice Sorensen.**

In determining whether to grant a stay, courts also consider any resulting undue prejudice on the nonmoving party. *See Methode Elecs.*, 2000 U.S. Dist. LEXIS 20689, at *7. Granting a stay does not cause the nonmoving party undue prejudice when that party has not invested substantial expense and time in the litigation. *Id.* The delay inherent to the **reexamination** process does not constitute, by itself, undue prejudice. *Pegasus Dev. Corp. v. DirecTV, Inc.*, 2003 WL 21105073, at *2 (D.Del. May 14, 2003).

Courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking **reexamination** of a patent. *Methode Elecs.*, 2000 U.S. Dist. LEXIS 20689, at *7. This is not a case where **reexamination** is sought on the eve of trial or after protracted discovery. *Cf. Agar Corp., Inc. v. Multi-Fluid, Inc.*, 983 F.Supp. 1126, 1128 (S.D.Tex.1997) (finding that "courts are inclined to deny a **stay** when the case is set for trial and the **discovery** phase has almost been completed"). Rather, another party filed the request to reexamine the '184 Patent, and the request was granted even before Sorensen filed the instant lawsuit. DNNA promptly sought to stay this action pending the **reexamination** proceedings. The Court finds that Sorensen has not presented any evidence of dilatory motives or shown that he would be unduly prejudiced or tactically disadvantaged if this Court were to grant a stay. Although Sorensen presents concerns that his ability to conduct discovery may be impaired by the delay in litigation, the Court finds that DNNA has submitted sufficient evidence to allay such concerns. Accordingly, the Court finds that a stay will not unduly prejudice Sorensen, and thus, this factor also weighs in favor of granting a stay

**D. A Stay Will Simplify the Issues, Streamline the Trial, and Reduce the Burden of Litigation on Both Parties and the Court.**

Because the patent-in-suit is currently being reexamined, the Court finds that this patent infringement action should be stayed during the pendency of the **reexamination**. The Court finds that such a stay will simplify the issues and streamline the trial, thereby reducing the burden on, and preserving the resources of both the parties and the Court.

*3 Therefore, having considered the factors relevant in determining whether to grant a stay

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 152179 (N.D.Cal.)
**(Cite as: Slip Copy)**

Page 3

pending **reexamination**, the Court hereby GRANTS DNNA's motion to stay all proceedings pending **reexamination** of the '184 Patent.

### CONCLUSION

For the foregoing reasons, the Court GRANTS DNNA's motion to stay pending **reexamination** of the '184 Patent. The proceedings are stayed from the date of this Order until further notice. The Court HEREBY ORDERS the parties to submit a joint status report regarding the status of the **reexamination** proceedings every 120 days, or sooner if the PTO issues a final decision with respect to the '184 Patent, until the stay in this case is lifted.

**IT IS SO ORDERED.**

N.D.Cal.,2008.
Sorensen v. Digital Networks North America Inc.
Slip Copy, 2008 WL 152179 (N.D.Cal.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# PROOF OF SERVICE

STATE OF CALIFORNIA )
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Seyfarth Shaw LLP, 2029 Century Park East, Suite 3300, Los Angeles, California 90067-3063. On February 14, 2008, I served the within document: *Defendants' Reply in Support of Motion to Stay Litigation Pending Outcome of the U.S. Patent and Trademark Office Reexamination of the Patent-In-Suit)*

| | |
|---|---|
| ☐ | I sent such document from facsimile machine (310) 201-5219 on _____, 2007. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 201-5219 which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below. |
| ☐ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. |
| ☐ | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☒ | **Electronically by using the Court's ECF/CM System** |

**James Mihael Kaler** – Michael@kalerlaw.com, funlawguy@yahoo.com

**Melody A Kramer** – mak@kramerlawip.com; esbjork@gmail.com

**Erik B. von Zeipel** – evonzeipel@seyfarth.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on February 14, 2008, at Los Angeles, California.

_____
Susan Zuiker-Lewis

Case No. 3:07-cv-02278-BTM-CAB