CHRISTOPHER C. LARKIN (State Bar No. 119950)
(email: clarkin@seyfarth.com)
ERIK B. VON ZEIPEL (State Bar No. 223956)
(email: evonzeipel@seyfarth.com)
**SEYFARTH SHAW LLP**
2029 Century Park East, Suite 3300
Los Angeles, California  90067-3063
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
HELEN OF TROY TEXAS CORPORATION;
OXO INTERNATIONAL LTD.

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>    Plaintiff/Counter-Defendant,<br><br>  v.<br><br>HELEN OF TROY TEXAS CORPORATION; OXO INTERNATIONAL LTD.; AND DOES 1 – 100,<br><br>    Defendants/Counter-Plaintiffs. | Case No. 3:07-cv-02278 BTM (CAB)<br><br>**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**<br><br>**REQUEST FOR JURY TRIAL**<br><br>THE HONORABLE BARRY TED MOSKOWITZ<br>UNITED STATES DISTRICT JUDGE<br>(COURTROOM 15) |

Defendants, HELEN OF TROY TEXAS CORPORATION ("HOT") and OXO INTERNATIONAL LTD ("OXO") (collectively "Defendants"), and for their answer to Plaintiff's Complaint for Patent Infringement, hereby state as follows:

## THE PARTIES

**COMPLAINT NO. 1:**

SRDT is a California resident, and the trustee of a trust organized according to California law, and owner of all rights to United States Patent No. 4,935,184

1
ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS
Case No. 3:07-cv-02278-BTM (CAB)

(hereinafter '184 patent"). A true and correct copy of the '184 patent is attached hereto as Exhibit A.

**ANSWER TO COMPLAINT NO. 1:**

Defendants admit that Exhibit A attached to Plaintiff's Complaint purports to be a copy of the "'184 patent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

**COMPLAINT NO. 2:**

Defendant Helen of Troy Texas Corporation is a Texas corporation with offices located at 1 Helen Of Troy Plaza, El Paso, Texas 79912, engaged in the manufacture, import, sale, and/or offer for sale within the United States, including this District, of consumer products, including the Accused Products identified herein.

**ANSWER TO COMPLAINT NO. 2:**

HOT admits that it is a Texas corporation with offices located at 1 Helen Of Troy Plaza, El Paso, Texas 79912. HOT denies the remaining allegations in Paragraph 2. OXO is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

**COMPLAINT NO. 2A:**

Defendant OXO International Ltd. is a Texas limited liability company having offices located at 1 Helen Of Troy Plaza, El Paso, Texas 79912, engaged in the manufacture, import, sale, and/or offer for sale within the United States, including this District, of consumer products, including the Accused Products identified herein.

**ANSWER TO COMPLAINT NO. 2A:**

Defendants admit that OXO has offices located at 1 Helen Of Troy Plaza, El Paso, Texas 79912. Defendants admit that OXO is engaged in the import, sale and

offer for sale within the United States of consumer products. Defendants deny the remaining allegations of Paragraph 2A.

**COMPLAINT NO. 2B:**

Defendants Helen of Troy Texas Corporation and OXO International Ltd. (hereinafter collectively, "OXO") are closely related parties sharing an address in El Paso, Texas 79912, engaged in the manufacture, import, sale, and/or offer for sale within the United States, including this District, of consumer products, including the Accused Products identified herein.

**ANSWER TO COMPLAINT NO. 2B:**

Defendants deny the allegations of Paragraph 2B.

**COMPLAINT NO. 3:**

Defendant DOES 1 through 100 are entities, form unknown, who, upon information and belief, are collectively and individually, each involved in the manufacture, import, sale, and or offer for sale within the United States, including this District, of consumer products, including the Accused Products identified herein.

**ANSWER TO COMPLAINT NO. 3:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

**COMPLAINT NO. 4:**

On information and belief, Defendants have acted as agents of one or more of each other during some or all of the times relative to the subject matter of this Complaint.

**ANSWER TO COMPLAINT NO. 4:**

Defendants deny the allegations of Paragraph 4.

## JURISDICTION AND VENUE

**COMPLAINT NO. 5:**

This action arises under the Patent Laws of the United States of America, Title 35, United States Code. Jurisdiction is founded on Title 28, United States Code §§ 1331, 1332(a), and 1338(a).

**ANSWER TO COMPLAINT NO. 5:**

Defendants admit that this action purports to arise under the Patent Laws of the United States of America, Title 35, United States Code. Defendants also admit that since this action purports to arise under the Patent Laws of the United States of America, Title 35, United States Code, jurisdiction is founded under Title 28, United States Code §§ 1331 and 1338(a). Defendants deny that this Court has jurisdiction under Title 28, United States Code §1332(a).

**COMPLAINT NO. 6:**

On information and belief, venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of infringement in this District.

**ANSWER TO COMPLAINT NO. 6:**

Defendants deny the allegations of Paragraph 6.

**COMPLAINT NO. 7:**

This Court has personal jurisdiction over Defendants because they manufacture within, import into, offer for sale, and/or sell infringing products in this District.

**ANSWER TO COMPLAINT NO. 7:**

Defendants deny the allegations of Paragraph 7.

## CLAIM FOR RELIEF

### (Patent Infringement)

**COMPLAINT NO. 8:**

SRDT realleges and incorporates herein by reference paragraphs 1 through 7, inclusive, as though fully set forth herein.

**ANSWER TO COMPLAINT NO. 8:**

Defendants incorporate their answers to paragraphs 1 through 7 as their response to the allegations of Paragraph 8.

**COMPLAINT NO. 9:**

The '184 patent entitled "Stabilized Injection Molding When Using a Common Mold Part With Separate Complimentary Mold Parts," was issued on June 19, 1990.

**ANSWER TO COMPLAINT NO. 9:**

Defendants admit that the '184 patent is entitled "Stabilized Injection Molding When Using a Common Mold Part With Separate Complimentary Mold Parts," and the face of the '184 patent states "Date of Patent: Jun. 19, 1990."

**COMPLAINT NO. 10:**

On information and belief, Defendants have in the past and presently make, import into, sell or offer for sale within the United States and this District, products for which the two plastic component external plastic shells are manufactured through processes which incorporate all elements of Claim 1 of the '184 patented process. Those products identified below and any other OXO products sold under any name which are manufactured utilizing similar processes, including but not limited to, any other product manufactured using the same injection mold as any of the products identified in the following table, are collectively referred to herein as "Accused Products":

    a.    OXO Good Grips 5.5 oz. Funnel

      b.     OXO Good Grips 16 oz. Funnel

**ANSWER TO COMPLAINT NO. 10:**

Defendants deny the allegations of Paragraph 10.

**COMPLAINT NO. 11:**

Defendants have not obtained a license or any other valid authorization for import, sale, or offer for sale in the United States of products manufactured through use of the '184 patented process.

**ANSWER TO COMPLAINT NO. 11:**

Defendants admit that they have not obtained a license under the '184 patent. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

**COMPLAINT NO. 12:**

Upon information and belief, OXO controls the nature and quality of the Accused Products and manufactures these products in accordance with its design and product specifications.

**ANSWER TO COMPLAINT NO. 12:**

Defendants deny the allegations of Paragraph 12.

**COMPLAINT NO. 13:**

OXO possesses the manufacturing process information for the Accused Products.

**ANSWER TO COMPLAINT NO. 13:**

Defendants deny the allegations of Paragraph 13.

**COMPLAINT NO. 14:**

OXO has been on constructive notice of the '184 patent since its issuance on June 19, 1990.

**ANSWER TO COMPLAINT NO. 14:**

Defendants deny the allegations of Paragraph 14.

**COMPLAINT NO. 15:**

Defendants have been on actual notice of the '184 patented process at least as early as October 2005.

**ANSWER TO COMPLAINT NO. 15:**

Defendants deny the allegations of Paragraph 15.

**COMPLAINT NO. 16:**

Upon information and belief, the Defendants have engaged in design, manufacture, import, sell, and/or offer for sale within the United States, including this District, products that have dual-layer external plastic housings.

**ANSWER TO COMPLAINT NO. 16:**

Defendants deny the allegations of Paragraph 16.

**COMPLAINT NO. 17:**

On information and belief, said products identified herein and as-yet-unidentified products manufactured through the same or substantially similar process are manufactured through processes which incorporate all elements of the '184 patented process.

**ANSWER TO COMPLAINT NO. 17:**

Defendants deny the allegations of Paragraph 17.

**COMPLAINT NO. 18:**

None of the Defendants have obtained a license or any other authorization from the Plaintiff for manufacture, import, sale, and/or offer for sale in the United States of products manufactured through use of the '184 patented process.

**ANSWER TO COMPLAINT NO. 18:**

Defendants refer Plaintiff to Defendants' answer to Paragraph 11.

**COMPLAINT NO. 19:**

Plaintiff's initial infringement notice to one of OXO's parent companies dated October 17, 2005 provided OXO with a drawing and associated claim chart

showing the substantial likelihood pursuant to 35 U.S.C. § 295, of the infringement of the '184 patented process by the import, sale and/or offer for sale in this District and the United States of the identified Accused Products and all other OXO products manufactured with processes which incorporate the elements of the '184 patent.

**ANSWER TO COMPLAINT NO. 19:**

Defendants deny the allegations of Paragraph 19.

**COMPLAINT NO. 20:**

The evidence provided to OXO in the initial letter and subsequent correspondence, illustrate how the processes utilized to produce the Accused Products incorporated each element of the '184 patent claims.

**ANSWER TO COMPLAINT NO. 20:**

Defendants deny the allegations of Paragraph 20.

**COMPLAINT NO. 21:**

The initial letter requested OXO pursuant to 35 U.S.C. § 295 to provide factual information necessary to verify the manufacturing process used to make the Accused Products.

**ANSWER TO COMPLAINT NO. 21:**

Defendants deny the allegations of Paragraph 21.

**COMPLAINT NO. 22:**

To date, OXO has not produced admissible evidence demonstrating the actual process used to manufacture the Accused Products.

**ANSWER TO COMPLAINT NO. 22:**

Defendants deny the allegations of Paragraph 22.

**COMPLAINT NO. 23:**

SRDT made reasonable efforts to obtain process information for the Accused Products, providing OXO with an opportunity to prove that it was not using the '184 process.

**ANSWER TO COMPLAINT NO. 23:**

Defendants deny the allegations of Paragraph 23.

**COMPLAINT NO. 24:**

On information and belief, one or more Defendants continue to make, use, sell and/or offer for sale within the United States and this District, and import into the United States the Accused Products using the '184 patent process, without authority to do so, in violation of 35 U.S.C. § 271, knowing such to be an infringement of the '184 patent, and in wanton and willful disregard of Plaintiff's '184 patent rights.

**ANSWER TO COMPLAINT NO. 24:**

Defendants deny the allegations of Paragraph 24.

**COMPLAINT NO. 25:**

On information and belief, one or more Defendants continue to contribute to infringement of the '184 patent and actively induce others to infringe the '184 patent by virtue of making, importing, selling, using and/or offering for sale within the United States and this District, in violation of 35 U.S.C. § 271, Accused Products manufactured using the '184 patent process in wanton and willful disregard of Plaintiff's '184 patent rights.

**ANSWER TO COMPLAINT NO. 25:**

Defendants deny the allegations of Paragraph 25.

**COMPLAINT NO. 26:**

On information and belief, the conduct of OXO and one or more other Defendants in willfully continuing to infringe the '184 patent, and to contribute to

infringement and induce others to infringe the '184 patent, by the acts alleged hereinabove despite being on both constructive notice and actual notice, is deliberate, thus making this an exceptional case within the meaning of 35 U.S.C. § 285.

**ANSWER TO COMPLAINT NO. 26:**

    Defendants deny the allegations of Paragraph 26.

**COMPLAINT NO. 27:**

    On information and belief, Plaintiff has suffered and is continuing to suffer damages by reason of Defendants' infringing conduct alleged hereinabove. The damages for Defendants' conduct are in an amount that constitutes at least a reasonable royalty for all of Defendants' sales of the Accused Products during the last six years.

**ANSWER TO COMPLAINT NO. 27:**

    Defendants deny the allegations of Paragraph 27.

**COMPLAINT NO. 28:**

    On information and belief, the reasonable royalty owed to Plaintiff from Defendants is at least eight percent (8%) of gross revenues from sales of the Accused Products, and according to proof at trial.

**ANSWER TO COMPLAINT NO. 28:**

    Defendants deny the allegations of Paragraph 28.

**COMPLAINT NO. 29:**

    On information and belief, the reasonable royalty owed to SRDT from Defendants should be trebled on account of willful infringement by Defendants, and according to proof at trial.

**ANSWER TO COMPLAINT NO. 29:**

    Defendants deny the allegations of Paragraph 29.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in its prayer for relief.

## AFFIRMATIVE DEFENSES

For their Affirmative Defenses, Defendants allege as follow:

FIRST DEFENSE:   The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE:   The '184 patent, and each claim thereof, is invalid because it does not comply with the statutory requirements of patentability enumerated in, *inter alia*, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132.

THIRD DEFENSE:   Defendants have not infringed, either literally or under the doctrine of equivalents, nor contributed to the infringement by others, nor induced others to infringe, any claim of the '184 Patent.

FOURTH DEFENSE:   HOT has not infringed, either literally or under the doctrine of equivalents, nor contributed to the infringement by others, nor induced others to infringe, any claim of the '184 Patent, as it does not make, sell, offer for sale, or import into the United States any products, let alone products that are covered by any claims of the '184 Patent.

FIFTH DEFENSE:   Plaintiff's attempted enforcement of the '184 Patent against Defendants is barred by the doctrine of prosecution laches.

SIXTH DEFENSE:   Plaintiff is barred, in whole or in part, from seeking any relief because of the equitable doctrine of unclean hands.

SEVENTH DEFENSE:   Plaintiff is barred, in whole or in part, from seeking any relief because of laches, waiver, acquiescence, and/or estoppel.

EIGHTH DEFENSE:   Plaintiff is barred, in whole or in part, from seeking the relief sought in Plaintiff's Complaint to the extent that it is barred pursuant to 35 U.S.C. § 286.

NINTH DEFENSE: Plaintiff is barred, in whole or in part, from seeking the relief sought in Plaintiff's Complaint because Plaintiff failed to comply with 35 U.S.C. § 287.

TENTH DEFENSE: Plaintiff is barred, in whole or in part, from seeking any of the injunctive relief sought in Plaintiff's Complaint to the extent that it is barred pursuant to 35 U.S.C. § 283 as the '184 Patent is expired.

Defendants reserve the right to amend and/or supplement their affirmative defenses as their investigation of Plaintiff's allegations and the '184 Patent and discovery in this matter progresses.

## COUNTERCLAIMS

Defendants/Counter-Plaintiffs, HELEN OF TROY TEXAS CORPORATION ("HOT") and OXO INTERNATIONAL LTD ("OXO") (collectively "Counter-Plaintiffs"), for their counterclaims against Plaintiff/Counter-Defendant, JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST ("Sorensen"), state as follows:

## THE PARTIES

1. Counter-Plaintiff Helen of Troy Texas Corporation is a Texas corporation with offices located at 1 Helen Of Troy Plaza, El Paso, Texas 79912.

2. Counter-Plaintiff OXO International Ltd. is a Texas limited partnership having offices located at 1 Helen Of Troy Plaza, El Paso, Texas 79912.

3. Upon information and belief, Sorensen is a California resident, and the trustee of a trust organized according to California law, and owner of all rights to United States Patent No. 4,935,184 (hereinafter '184 patent").

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over Counter-Plaintiffs' counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

5. Through his Complaint, Sorensen charges Counter-Plaintiffs with infringement of the '184 Patent, and thus has submitted itself to the jurisdiction of this Court and has created an actual controversy between the parties.

## COUNT I

## DECLARATION OF NONINFRINGEMENT OF THE '184 PATENT

6. Counter-Plaintiffs have not infringed, either literally or under the doctrine of equivalents, nor contributed to the infringement by others, nor induced others to infringe, any claim of the '184 patent.

7. Sorensen's actions have caused, and continue to cause, damages to Counter-Plaintiffs, in an amount to be determined at trial. Sorensen's allegations of infringement of the '184 patent have caused, and continue to cause, irreparable injury to Counter-Plaintiffs, and unless and until Sorensen's actions are enjoined by this Court, Counter-Plaintiffs will continue to suffer irreparable injury because of Sorensen's meritless allegations. Counter-Plaintiffs have no adequate remedy at law.

## COUNT II

## DECLARATION OF INVALIDITY OF THE '184 PATENT

12. The '184 patent, and each claim thereof, is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35, including, *inter alia*, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 132.

13. Sorensen's actions have caused, and continue to cause, damages to Counter-Plaintiffs, in an amount to be determined at trial. Sorensen's allegations of infringement of the '184 patent have caused, and continue to cause, irreparable injury to Counter-Plaintiffs, and unless and until Sorensen's actions are enjoined by this Court, Counter-Plaintiffs will continue to suffer irreparable injury because

of Sorensen's meritless allegations. Counter-Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Counter-Plaintiffs respectfully request that the Court enter judgment against Counter-Defendant and grant the following relief:

a. dismissal of Sorensen's Complaint against Counter-Plaintiffs in its entirety, with prejudice, and a denial of the relief sought in its claims;

b. a declaration that Counter-Plaintiffs have not infringed, contributorily infringed, or induced the infringement of any claim of the '184 patent;

c. a declaration that the '184 patent, and each claim thereof, is invalid;

d. an award to Counter-Plaintiffs for their reasonable attorney's fees and costs, pursuant to 35 U.S.C. § 285; and

f. such other and further relief as the Court deems just and proper.

DATED: April 25, 2008

SEYFARTH SHAW LLP
CHRISTOPHER C. LARKIN
ERIK B. VON ZEIPEL

By /s/ Erik B. von Zeipel
Attorneys for Defendants
HELEN OF TROY TEXAS
CORPORATION AND
OXO INTERNATIONAL LTD.