1  J. MICHAEL KALER, SBN 158296
2  KALER LAW OFFICES
   9930 Mesa Rim Road, Suite 200
3  San Diego, California 92121
4  Telephone (858) 362-3151

5  MELODY A. KRAMER, SBN 169984
6  KRAMER LAW OFFICE, INC.
   9930 Mesa Rim Road, Suite 1600
7  San Diego, California 92121
8  Telephone (858) 362-3150

9
   Attorneys for Plaintiff JENS ERIK SORENSEN,
10 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
11

12

13
                    UNITED STATES DISTRICT COURT
14
                FOR THE SOUTHERN DISTRICT OF CALIFORNIA
15

16 | JENS ERIK SORENSEN, as Trustee of   ) Case No. 07 CV 2278 BTM CAB
17 | SORENSEN RESEARCH AND               )
   | DEVELOPMENT TRUST,                  ) **STIPULATED PROTECTIVE**
18 |                                     ) **ORDER FOR THE EXCLUSIVE**
19 |                    Plaintiff,       ) **PURPOSE OF FACILITATING**
   |    v.                               ) **SETTLEMENT DISCUSSIONS**
20 |                                     )
21 | HELEN OF TROY TEXAS                 )
   | CORPORATION; OXO                    )
22 | INTERNATIONAL LTD.;                 )
23 | and DOES 1 – 100,                   )
   |                                     )
24 |                    Defendants.      )
25 | _____   )
   | and related counterclaims.          )
26 |                                     )

27

28  //

Plaintiff Jens Erik Sorensen and Defendants Helen of Troy Texas Corporation and OXO International Ltd., by and through their respective counsel, hereby stipulate to a limited protective order for the exclusive purpose of allowing Defendants to produce confidential sales information in order to facilitate settlement discussions subject to *Federal Rules of Evidence* § 408:

## DEFINITIONS

The term "Confidential Information" shall mean and include any and all information contained or disclosed in any materials, including documents, portions of documents any financial or commercial information provided by Defendants, or one of them, including data, summaries, and compilations derived therefrom, that is (1) considered by Defendants to be confidential to the disclosing party; and (2) is disclosed to Plaintiff for the sole purpose of settlement negotiations.

## TERMS

1. Defendants have agreed to provide Plaintiff with certain Confidential Information regarding sales of the accused products in this case for purposes of discussing possible settlement. All information deemed Confidential Information by Defendants shall be clearly marked as follows: "CONFIDENTIAL INFORMATION DISCLOSED FOR SETTLEMENT DISCUSSIONS." The inadvertent production of any material without it being properly marked shall not be deemed a waiver of any claim of confidentiality in such information or document if brought to the attention of the parties within a reasonable time after production.

2. Any material designated as Confidential Information shall be held in confidence by Plaintiff and shall not be disclosed by Plaintiff to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in settlement negotiations in this litigation. Counsel for Plaintiff, and each person receiving

1  Confidential Information, shall take reasonable precautions to prevent the
2  unauthorized or inadvertent disclosure of such information.  If Confidential
3  Information is disclosed to any person other than a person authorized by this
4  Stipulated Protective Order, Plaintiff must immediately bring all pertinent facts
5  relating to the unauthorized disclosure to the attention of Defendants and, without
6  prejudice to any rights and remedies of the Defendants, make every effort to prevent
7  further unauthorized disclosure by the party and by the person(s) receiving the
8  unauthorized disclosure.

9      3.  Access to Confidential Information furnished to Plaintiff under this
10 Stipulated Protective Order shall be restricted to: (i) Plaintiff's counsel of record
11 (including its professional, paraprofessional, stenographic, and clerical employees)
12 for that party; and (ii) no more than a total of two (2) representatives for Plaintiff that
13 are necessary to review such information.

14     4.  Upon Defendants' request, all copies of all documents containing
15 designated Confidential Information that are in the possession of Plaintiff's counsel
16 or other persons entitled to access, shall either be returned to counsel of record for
17 Defendants or destroyed.  As to destroyed documents, Plaintiff and its counsel shall
18 certify to Defendants that such documents have been destroyed.  Return or
19 destruction shall take place within thirty (30) days of Defendants' request.

20     5.  This Stipulated Protective Order shall not prevent either party from
21 applying to the Court for any further orders or discovery, and shall not preclude
22 either party from enforcing their rights at law or in equity.

23     6.  Any information produced by Defendants under this protective order
24 shall not be construed as an admission or agreement that (a) any specific information
25 is or is not confidential, subject to discovery, relevant, or admissible as evidence in
26 this litigation, (b) the stay entered in this litigation should be modified or not
27 appropriate, (c) the stay in this litigation will eventually be lifted by the Court, (d)
28 this litigation will eventually proceed, or (e) the '184 patent is valid, enforceable or

1 infringed.

2   7.   The Court shall retain jurisdiction for the purpose of ensuring compliance with this Order and granting such modifications to this Order and such other relief as may be necessary, and either party may apply to the Court for a modification to this Order.

  8.   Nothing in this Order shall affect future discovery proceedings or subsequent protective orders entered by the Court for general purposes in this suit.

  9.   The parties agree to abide by and be bound by the terms of this Stipulation upon signature by their attorneys.

The parties have authorized electronic signatures for purposes of this Stipulated Protective Order.

IT IS SO STIPULATED.

DATED this Sunday, July 13, 2008.

JENS ERIK SORENSEN, as Trustee of
SORENSEN RESEARCH AND DEVELOPMENT
TRUST, Plaintiff

/s / Melody A. Kramer

_____
Melody A. Kramer, Esq., Attorney for Plaintiff

HELEN OF TROY TEXAS CORPORATION AND
OXO INTERNATIONAL LTD, Defendants

/s/ Erik B. von Zeipel

_____
Erik B. von Zeipel, Esq., Attorney for Defendants

**IT IS SO ORDERED**

Dated:   July ____, 2008        _____
                                 Honorable Barry Ted Moskowitz

4.

Case No. 07cv2278

LA1 6704291.2