```
 1  J. MICHAEL KALER, SBN 158296
    KALER LAW OFFICES
 2  9930 Mesa Rim Road, Suite 200
 3  San Diego, California 92121
    Telephone (858) 362-3151
 4

 5  MELODY A. KRAMER, SBN 169984
    KRAMER LAW OFFICE, INC.
 6  9930 Mesa Rim Road, Suite 1600
 7  San Diego, California 92121
    Telephone (858) 362-3150
 8

 9
    Attorneys for Plaintiff JENS ERIK SORENSEN,
10  as Trustee of SORENSEN RESEARCH AND
    DEVELOPMENT TRUST
11
```

FILED
08 AUG 19 PM 3:47
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN, as Trustee of SORENSEN RESEARCH AND DEVELOPMENT TRUST,<br><br>Plaintiff,<br>v.<br><br>HELEN OF TROY TEXAS CORPORATION; OXO INTERNATIONAL LTD.; and DOES 1 – 100,<br><br>Defendants.<br><br>and related counterclaims. | Case No. 07 CV 2278 BTM CAB<br><br>**STIPULATED PROTECTIVE ORDER FOR THE EXCLUSIVE PURPOSE OF FACILITATING SETTLEMENT DISCUSSIONS** |

//

Plaintiff Jens Erik Sorensen and Defendants Helen of Troy Texas Corporation and OXO International Ltd., by and through their respective counsel, hereby stipulate to a limited protective order for the exclusive purpose of allowing Defendants to produce confidential sales information in order to facilitate settlement discussions subject to *Federal Rules of Evidence* § 408:

## DEFINITIONS

The term "Confidential Information" shall mean and include any and all information contained or disclosed in any materials, including documents, portions of documents any financial or commercial information provided by Defendants, or one of them, including data, summaries, and compilations derived therefrom, that is (1) considered by Defendants to be confidential to the disclosing party; and (2) is disclosed to Plaintiff for the sole purpose of settlement negotiations.

## TERMS

1. Defendants have agreed to provide Plaintiff with certain Confidential Information regarding sales of the accused products in this case for purposes of discussing possible settlement. All information deemed Confidential Information by Defendants shall be clearly marked as follows: "CONFIDENTIAL INFORMATION DISCLOSED FOR SETTLEMENT DISCUSSIONS." The inadvertent production of any material without it being properly marked shall not be deemed a waiver of any claim of confidentiality in such information or document if brought to the attention of the parties within a reasonable time after production.

2. Any material designated as Confidential Information shall be held in confidence by Plaintiff and shall not be disclosed by Plaintiff to anyone other than those persons designated herein and shall be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in settlement negotiations in this litigation. Counsel for Plaintiff, and each person receiving

Confidential Information, shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Stipulated Protective Order, Plaintiff must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of Defendants and, without prejudice to any rights and remedies of the Defendants, make every effort to prevent further unauthorized disclosure by the party and by the person(s) receiving the unauthorized disclosure.

3. Access to Confidential Information furnished to Plaintiff under this Stipulated Protective Order shall be restricted to: (i) Plaintiff's counsel of record (including its professional, paraprofessional, stenographic, and clerical employees) for that party; and (ii) no more than a total of two (2) representatives for Plaintiff that are necessary to review such information.

4. Upon Defendants' request, all copies of all documents containing designated Confidential Information that are in the possession of Plaintiff's counsel or other persons entitled to access, shall either be returned to counsel of record for Defendants or destroyed. As to destroyed documents, Plaintiff and its counsel shall certify to Defendants that such documents have been destroyed. Return or destruction shall take place within thirty (30) days of Defendants' request.

5. This Stipulated Protective Order shall not prevent either party from applying to the Court for any further orders or discovery, and shall not preclude either party from enforcing their rights at law or in equity.

6. Any information produced by Defendants under this protective order shall not be construed as an admission or agreement that (a) any specific information is or is not confidential, subject to discovery, relevant, or admissible as evidence in this litigation, (b) the stay entered in this litigation should be modified or not appropriate, (c) the stay in this litigation will eventually be lifted by the Court, (d) this litigation will eventually proceed, or (e) the '184 patent is valid, enforceable or

1  infringed.

2  7.  The Court shall retain jurisdiction for the purpose of ensuring
3  compliance with this Order and granting such modifications to this Order and such
4  other relief as may be necessary, and either party may apply to the Court for a
5  modification to this Order.

6  8.  Nothing in this Order shall affect future discovery proceedings or
7  subsequent protective orders entered by the Court for general purposes in this suit.

8  9.  The parties agree to abide by and be bound by the terms of this
9  Stipulation upon signature by their attorneys.

10  The parties have authorized electronic signatures for purposes of this
11  Stipulated Protective Order.

12  IT IS SO STIPULATED.

13
14  DATED this Sunday, July 13, 2008.

15  JENS ERIK SORENSEN, as Trustee of
    SORENSEN RESEARCH AND DEVELOPMENT
16  TRUST, Plaintiff

17  /s / Melody A. Kramer

18  _____
    Melody A. Kramer, Esq., Attorney for Plaintiff
19
20  HELEN OF TROY TEXAS CORPORATION AND
    OXO INTERNATIONAL LTD, Defendants
21
22  /s/ Erik B. von Zeipel

23  _____
    Erik B. von Zeipel, Esq., Attorney for Defendants
24

25
26  **IT IS SO ORDERED**

27  Dated: August 19, 2008   _____
28                           Honorable Barry Ted Moskowitz

4.

Case No. 07cv2278

LA1 6704291.2