1  J. MICHAEL KALER, SBN 158296
2  9930 Mesa Rim Road, Suite 200
   San Diego, California 92121
3  Telephone (858) 362-3151
4  E-mail:  michael@kalerlaw.com

5  MELODY A. KRAMER, SBN 169984
6  9930 Mesa Rim Road, Suite 1600
   San Diego, California 92121
7  Telephone (858) 362-3150
8  E-mail:  mak@kramerlawip.com

9
   Attorneys for Plaintiff JENS ERIK SORENSEN,
10 as Trustee of SORENSEN RESEARCH AND
   DEVELOPMENT TRUST
11
                  UNITED STATES DISTRICT COURT
12
           FOR THE SOUTHERN DISTRICT OF CALIFORNIA
13

14 JENS ERIK SORENSEN, as Trustee of    ) Case No. 07-cv-2278-BTM-CAB
15 SORENSEN RESEARCH AND                 )
   DEVELOPMENT TRUST,                    )
                                         ) **PLAINTIFF'S MEMORANDUM OF**
16                                       ) **POINTS AND AUTHORITIES IN**
17                       Plaintiff       ) **SUPPORT OF MOTION FOR**
                                         ) **EXCEPTION TO STAY TO**
18      v.                               ) **PRESERVE EVIDENCE**
19 HELEN OF TROY TEXAS                   )
   CORPORATION;  OXO                     ) Date:  October 31, 2008
20 INTERNATINONAL LTD;:                  ) Time:  11:00 a.m.
    and DOES 1-10                        ) Courtroom 15 – 5th Floor
21                                       ) The Hon. Barry T. Moskowitz
22          Defendants.                  )
                                         ) ***NO ORAL ARGUMENTS UNLESS***
23                                       ) ***REQUESTED BY COURT***
24                                       )
                                         )
25
26 _____ )
27
28

1
2
3
4

Plaintiff, pursuant to a shortened procedure outlined by Judge Moskowitz in this case,[1] and consistent with the rulings of this Court on August 20, 2008 in related cases[2] on motions for exception to stay to preserve evidence as follows, request the Court for the following relief:

5
6
7

1.    Leave to Plaintiff to file an Amended Complaint adding Accused Products within 30 days of this Order and that Defendants be ordered to respond to said Amended Complaint within 45 days after the stay is lifted.

8
9
10

2.    Order that all prototype and production molds used in the production of the Accused Products specifically identified within the Amended Complaint within the custody and control of the Defendants be preserved.

11
12
13

3.    Order that all design and technical documents for the Accused Products specifically identified within the Amended Complaint within the control and custody of the Defendants  be preserved.

14
15
16
17
18

4.    Leave to Plaintiff to propound (and order to Defendants to answer) one (1) interrogatory that seeks the identification of the company names and addresses of nonparty manufacturers, suppliers, and importers who may have prototype, production, design, technical documents or evidence regarding the Accused Products specifically identified in the Amended Complaint.

19
20
21
22
23

Plaintiff has already requested the above-described relief from Defendants by stipulation, and has provided Defendant with a copy of relevant portions of the August 20, 2008 court transcript and resulting orders in those six related cases in which the Court ordered identical discovery.  However, Defendant still refuses to stipulate.  *Kramer Decl.,* ¶ 4.

24
25
26
27
28

---

[1] *Sorensen v. Helen of Troy Texas Corporation, et al*, Case No. 07cv02278

[2] *Sorensen v. CTT Tools*, Case No. 08cv231; *Sorensen v. Emerson Electric*, Case No. 08cv00060; *Sorensen v. Esseplast*, Case No. 07cv2277; *Sorensen v. Logitech*, Case No. 08cv308; *Sorensen v. Ryobi*, Case No. 08cv00070; *Sorensen v. Senco*, Case No. 08cv00071.

Case No. 06CV1572

1         Plaintiff believes these items of discovery are necessary and that delay until

2  completion of the '184 patent reexamination creates the risk of loss of evidence.

3         A motion to preserve evidence requires the court to consider "1) the level of

4  concern the court has for the continuing existence and maintenance of the integrity of

5  the evidence in question in the absence of an order directing preservation of the

6  evidence; 2) any irreparable harm likely to result to the party seeking the

7  preservation of evidence absent an order directing preservation; and 3) the capability

8  of an individual, entity, or party to maintain the evidence sought to be preserved, not

9  only as to the evidence's original form, condition or contents, but also the physical,

10 spatial and financial burdens created by ordering the evidence preservation." *Jacobs*

11 *v. Scribner* Slip Copy, 2007 WL 1994235 (E.D.Cal. 2007) citing: *Daniel v. Coleman*

12 *Co., Inc.*, No. 06-5706 KLS, 2007 WL 1463102, *2 (W.D.Wash. 2007).

13        "The obligation to preserve [evidence] arises when the party has notice that

14 the evidence is relevant to litigation -- most commonly when the suit has already

15 been filed, providing the party responsible for the destruction with express notice,

16 but also on occasion in other circumstances, as for example when a party should

17 have known that the evidence may be relevant to future litigation." *Treppel v. Biovail*

18 *Corp.*, 233 F.R.D. 363, 371 (2006).

19        A foreign manufacturer, however, is not likely to, and has no obligation to

20 maintain molds, design documents, or correspondence.  Molds are often sold for

21 scrap metal after production ceases.  Every day that goes by without the production

22 of this evidence increases the likelihood that the evidence will be lost or destroyed.

23        Pre-litigation, Defendants' counsel advised Plaintiff's counsel that detailed

24 manufacturing information required to respond to Plaintiff's infringement claims had

25 to be obtained "from OXO's suppliers in Asia."  *Kramer Decl.* ¶ 5.

26        In a letter dated October 31, 2005, counsel for Defendants acknowledged the

27 difficulty in getting process information from the foreign third party manufacturers.

28 See *Id.*  Additionally a number of the Accused Products are near the end of their life

Case No. 06CV1572

cycle, as stated by Defendants' counsel in a letter dated March 16, 2006. *Kramer Decl*. ¶ 6. These facts lead Plaintiff to believe that the Accused Products have ceased to be in production or will no longer be in production soon. As a result, the foreign manufacturer is not likely to, and has no obligation to maintain molds, design documents or correspondence. Every day that goes by without the production of this evidence increases the likelihood that the evidence will be lost or destroyed. *Kramer Decl.* ¶ 7.

Since the filing of this case, Plaintiff has learned of an elaborate web of onshore and offshore corporations of which the named Defendants are a part, but have not been advised of the identity of the actual manufacturers of the Accused Products. See Docket #8.

Defendant has not provided Plaintiff with identification of the manufacturers, importers, suppliers, or other non-parties who may have possession, custody, or control of relevant evidence to this case, specifically including prototype and productions molds and technical documents requested in the motion, thus there is no way to ensure preservation of evidence. *Kramer Decl.* ¶ 8.

Plaintiff is also seeking the ability to file an Amended Complaint to add additional accused products so that the order to preserve evidence can be as complete as reasonably possible at this point in the proceedings.

WHEREFORE, Plaintiff respectfully requests the Court to issue an order for Exception to Stay for Preservation of Evidence on terms consistent with those in the related cases referenced herein, specifically, to grant items (1) – (4) itemized at the beginning of this brief.

//

//

Case No. 06CV1572

3.

1    RESPECTFULLY SUBMITTED this Thursday, September 11, 2008.

2

3                                    JENS ERIK SORENSEN, as Trustee of
                                     SORENSEN RESEARCH AND DEVELOPMENT
4                                    TRUST, Plaintiff

5                                    /s/ Melody A. Kramer

6    _____

7                                    Melody A. Kramer, Esq.
                                     J. Michael Kaler, Esq.
8                                    Patricia A. Shackelford, Esq.
                                     Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28