# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENS ERIK SORENSEN,<br><br>　　　　Plaintiff,<br>　v.<br><br>HELEN OF TROY TEXAS<br>CORPORATION, et al.,<br><br>　　　　Defendant. | Case No. 07cv2278 BTM (CAB)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO PROCEED ON PATENT CLAIM NOT SUBJECT TO REEXAMINATION** |

Plaintiff has filed a motion for leave to proceed litigation on a patent claim that is not subject to reexamination [Doc. 74]. For the following reasons, the Court **GRANTS** the motion.

This case is one of many related patent suits filed by Plaintiff, which are all based on the same patent. The Patent and Trademark Office ("PTO") recently rejected several of the claims in the patent, and Plaintiff has appealed the rejection. All the related cases, including this one, are stayed pending resolution of the appeal. But not all the claims in the patent have been rejected; some may still be valid. And recently the Court gave Plaintiff permission to move to lift the stay in cases where the still-valid claims might be the basis for an infringement suit. By filing this motion, Plaintiff has taken the Court up on its offer.

The patent at issue is U.S. Patent No. 4,935,184 ("'184 Patent"), which relates to stabilizing injection molds for hollow plastic products. Claims 1–2, 4, and 6–10 of the '184 Patent have been rejected by the PTO, but claims 3 and 5 were never subject to

1 reexamination and have not been rejected. Plaintiff seeks to assert claim 3 here.

2 Claim 3 is a dependent claim, which incorporates claims 1 and 2. Although claim 3 incorporates all the elements of the rejected claims 1 and 2, it adds some limitations. So even if Plaintiff is unsuccessful on appeal and the PTO's rejection of claims 1 and 2 stands, claim 3 might still be valid because of the additional limitations.

The Court therefore lifts the stay so Plaintiff can move to amend its complaint to assert infringement based on claim 3. The stay on all other claims in the '182 Patent remains in effect.

Defendant argues Plaintiff should not be allowed to proceed for many reasons, including that the limitations in claim 3 are obvious, Plaintiff is equitably estopped because it waited too long to assert claim 3, and others. The Court does not consider those arguments now. Defendant can raise them in opposition to Plaintiff's motion to amend or, if the motion to amend is granted, in a motion to dismiss. The Court does not now determine whether the litigation of infringement of claim 3 might draw the Court into analysis of claims 1 and 2 to such a degree that the present stay should be extended to claim 3.

**IT IS SO ORDERED.**

DATED: June 22, 2010

Honorable Barry Ted Moskowitz
United States District Judge